James E. COAKLEY,
Plaintiff–Appellant,

v.

Alfred I. MURPHY, et al.,
Defendants–Appellees.

No. 88–3784.

United States Court of Appeals,
Ninth Circuit.

Submitted June 28, 1989 *.

Decided Sept. 6, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth    Circuit Rule 34–4 and Fed.R.App.P. 34(a).

James E. Coakley, Twin Falls, Idaho, in pro per.

No appearance for defendants-appellees.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

## OVERVIEW

James E. Coakley (Coakley) appears pro se to appeal the district court's order dis-

missing his *in forma pauperis* action as frivolous under 28 U.S.C. § 1915(d) (West 1982).[1] Coakley contends (1) he was denied due process and equal protection when he was returned without a hearing to prison from a work release facility after he refused to sign a work release agreement; and (2) the court abused its discretion in dismissing his complaint without leave to amend.

The district court's order is affirmed.

## FACTS

Coakley was incarcerated in the Idaho State Penitentiary in Boise, Idaho. Later, he was approved for work release and was transported to the Boise Community Work Center, where the work release inmates live.

After he arrived at the work center, Coakley informed a counselor that he would not sign a copy of the work release agreement. The work release agreement stipulates the conditions under which inmates participate in the program. Coakley was warned that if he failed to sign the agreement, he would be sent back to the penitentiary. Paul Corrick, the Employment Development Coordinator for the work center, presented Coakley with the agreement and asked him to read it, initial each paragraph, and sign it.

Coakley replied he could not sign the agreement because it was illegal. He stated he was "civilly dead" as a prisoner and precluded by Idaho Code § 18–310 (as amended 1982) from entering into contractual relationships.[2] Coakley also told Corrick it would be a violation of Offense Code 02–C for him to sign the work release agreement. Offense Code 02–C prohibits inmates from entering into contractual relationships, particularly those requiring

---

1. Section 1915(d) states in relevant part: "The court ... may dismiss the case ... if satisfied that the action is frivolous or malicious."

2. Section 18–310(1) states:
   A sentence of imprisonment in a state prison for any time less than for life suspends all the civil rights of the person so sentenced including the right to refuse treatment authorized by the sentencing court, and forfeits all public offices and all private trusts, authority or power during such imprisonment: provided that any such person may lawfully exercise all civil rights that are not political during any period of parole or probation, except the right to refuse treatment authorized by the sentencing court.

payment or receipt of money. Coakley stated that if he signed, the agreement would be void because it was signed under duress.

Corrick warned Coakley that he would be given a disciplinary offense report for failure to obey the order of a work center staff member. Still, Coakley refused to sign, and he immediately received a disciplinary offense report. Coakley was then placed in restraints and returned to the penitentiary.

Coakley filed a complaint under 42 U.S.C. § 1983 in the District of Idaho. He alleged that "the instant Plaintiff boarded the transport from the Southern Idaho Correctional Institution, headed for the Community Work Center, a substantial liberty interest was created as well as a substantial property interest in the right to earn money." He alleged he was denied a hearing on these rights, and denied a hearing on his claim that the work release center's agreement was illegal, all in violation of his due process and equal protection rights under the fifth and fourteenth amendments of the United States Constitution.

The district court granted Coakley's application to proceed *in forma pauperis*, but dismissed his complaint sua sponte with prejudice under 28 U.S.C. § 1915(d), finding it frivolous. *See Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir.1984). The district court held that because inmates have no constitutional right to participate in rehabilitation programs, requiring inmates to sign an agreement of understanding with a work release center "would certainly not violate any constitutional rights." The court also observed that the Department of Correction's policy that inmates not sign agreements would not apply when the Department itself requests an inmate to sign an agreement to participate in a work release program.

Coakley timely appeals.

## STANDARD OF REVIEW

We review de novo a district court's determination that an *in forma pauperis* complaint is frivolous. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985).

The Supreme Court allows dismissal of a pro se complaint for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 529–30.

## DISCUSSION

■ Coakley claims that once a prisoner has been screened, accepted, and transferred to a work release program, he cannot be removed from the program without a minimum due process hearing because liberty and property interests have been created. He claims the district court erred in failing to distinguish between mere eligibility for a work release program, where no interests have been created, and removal from that program once a prisoner has been accepted, where liberty and property interests have vested.

A due process claim is cognizable only if there is a recognized liberty or property interest at stake. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Rizzo*, 778 F.2d at 530.

■ There are four reasons Coakley does not have a recognized liberty or property interest for which there are due process protections. First, his failure to sign the work release agreement forecloses any "acceptance" he might have had into the work release program. The signing of such an agreement is a legitimate requirement of the state to ensure participant cooperation and community safety. *See Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir.1985) (upholding restrictions on work release that were rationally related to deterrence and promoting public respect for the administration of justice).

Second, even if Coakley had been accepted, his assertion that his transfer from a work release center back to prison violates his fifth amendment rights and equal protection rights has no basis in the law. The work release agreement here requires a participant to retain his status as a resident of the penitentiary. Thus, this case is analogous to a "transfer from one institution to another within the state prison system." *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). We have held that

> [a]n inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.

*Rizzo*, 778 F.2d at 530. We stated

> "[n]either does the due process clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the institutions is within the normal limits or range of custody which the conviction has authorized the state to impose."

*Id.* (quoting *Meachum*, 427 U.S. at 224–25, 96 S.Ct. at 2538).

■ Third, unless there is some guarantee that a prison transfer will not take place absent certain conditions, due process protections do not apply. *Rizzo*, 778 F.2d at 530–31 (citing *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)). Coakley has not alleged that any regulation or procedure created a substantive restriction on the prison authorities' decision to return him to the penitentiary. No liberty or property interest is violated where there is a failure to allege a restriction on the authorities' right to transfer. *Rizzo*, 778 F.2d at 531. In fact, Idaho law provides that "[a] furlough may be revoked by the board at any time without notice or hearing." Idaho Code § 20–242(7) (as amended 1984).[3] Accordingly, because there are no restrictions on transfers from work release centers in Idaho, Coakley's due process claim must fail.[4]

■ Fourth, to the extent Coakley's due process claim is based on a property interest in the work release program, "his claim similarly lacks substance in law and fact because there is no constitutional right to rehabilitation." *Rizzo*, 778 F.2d at 531 (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir.1982)).

■ Coakley's argument that his fourteenth amendment equal protection rights were violated also must fail. When a state

---

3. Section 20–242(7) of the Idaho Code gives Idaho complete discretion to remove an inmate from the work release center. Consequently, this case resembles *Meachum*, where the Supreme Court found Massachusetts law provided authorities with complete discretion to transfer between prisons, so that there were no liberty or property interests. 427 U.S. at 226–27, 96 S.Ct. at 2539–40. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974) (due process must be afforded where the State has created a liberty interest). Therefore, this case is distinguishable from *Durso v. Rowe*, 579 F.2d 1365, 1369 (7th Cir.1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979), and *Tracy v. Salamack*, 572 F.2d 393, 396 (2d Cir.1978), where there were state-created rights grounded in law or practice that

prevented transfers from work release programs without due process.

4. To the extent that the disciplinary offense report may give rise to a hearing, a protected interest could be created if that hearing is intended to be a significant substantive restriction on decision to transfer. *See Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir.1984) (a constitutionally protected interest may arise if procedural requirements create a "significant substantive restriction" on the authorities' decision making). However, any right to a hearing on Coakley's failure to obey an order of the work center personnel is not a substantive restriction on prison authorities' discretion to transfer him under Idaho Code Section 20–242. Therefore, it cannot be the basis for a due process claim. *Cf. Rizzo*, 778 F.2d at 531 n. 3.

policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state objective. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307 at 314, 96 S.Ct. 2562 at 2567, 49 L.Ed.2d 520. Coakley's complaint does not allege that he is a member of a suspect class. We have found no fundamental rights to be at stake. The state of Idaho has a legitimate interest in insuring that an inmate on work release understands his or her obligations to the Department of Corrections and to the community in which he or she will work. The requirement that an inmate sign the work release agreement is rationally related to this end and therefore, Coakley's equal protection rights were not violated.

The decision of the district court that Coakley's complaint be dismissed with prejudice is correct. The deficiencies of Coakley's complaint cannot be cured by amendment.

AFFIRMED.