972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight D. WIMBLEY, Plaintiff-Appellant,
v.
Robert G. BORG; Wanda A. Briscoe; Richard Campbell; J.
Graham; James Rowland, Defendants-Appellees.
 No. 91-15871.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1992.*
Decided July 23, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight Wimbley appeals pro se from the district court's summary judgment dismissal of his civil rights action against various prison officials, arguing that the institution's failure to provide him with vocational or college courses constitutes cruel and unusual punishment and a denial of his due process and equal protection rights. We reject these contentions and affirm.
 
 
 3
 Prisoners have no constitutional right to rehabilitation, see Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989), including educational opportunities and vocational training. See, e.g., Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982). Moreover, the uncontroverted evidence in this case shows that Wimbley had been classified as a high risk inmate requiring direct and constant supervision; that he was being housed in a section of the prison that, largely for security reasons, was unsuitable for classroom-type educational purposes (at least for inmates of Wimbley's security classification); and that the prison no longer provides funds for inmates to take correspondence courses because the very high dropout rate of inmates enrolled in such courses in the past had made such programs extremely cost ineffective.
 
 
 4
 In light of the above, it cannot be said that the district court erred by granting summary judgment in favor of the defendants.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In reaching this conclusion, we necessarily reject Wimbley's contention that Cal.Code Regs. tit. 15, § 3270 creates a right on behalf of prison inmates to take educational or vocational classes. Rule 3270 states only that corrections officials are encouraged to provide "reasonable opportunit[ies] and encouragement [for prisoners] to participate in rehabilitative activities" consistent with the overriding concern for public and institutional safety. Id. Such general, hortatory language cannot be construed as creating the kind of right advanced by Wimbley here. Cf. Holt v. Workers' Compensation Appeals Bd., 187 Cal.App.3d 1257, 1261, 232 Cal.Rptr. 442, 444 (1986) (same with respect to duties)
 Similarly, we reject Wimbley's contention on the question of discovery sanctions. Wimbley neither made any showing that he could have proceeded with his noticed oral depositions, nor did he seek leave of court to take depositions by other than stenographic means. See Fed.R.Civ.P. 30(a), (b)(4).