12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Edward GREEN, Plaintiff-Appellant,
v.
Samuel E. LEWIS, Director of the Arizona Department of
Corrections, Defendant-Appellee.
 No. 93-15724.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.
Decided Dec. 1, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Douglas E. Green, an Arizona state prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. Sec. 1983 civil rights action. Green contends that his constitutional rights were violated when he was transferred from the Central Unit of the Arizona State Prison Complex at Florence to Cellblock-6 ("CB-6"), the maximum security unit of that institution.
 
 
 3
 On appeal, Green contends that: (1) he was denied equal protection of the law because inmates at the Central Unit enjoy greater access to the law library than inmates at CB-6; and (2) he was denied meaningful access to the courts because his physical access to the law library was limited and the legal supplies provided to him under the internal policy of the Arizona Department of Correction were insufficient to meet his legal needs.
 
 
 4
 Green's equal protection rights were not violated because the library access policy at CB-6 is not based on Green's membership in a suspect or quasi-suspect class and does not infringe upon Green's fundamental rights. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989). Further, the law library access policy at CB-6 is rationally related to the prison's interest in maintaining institutional security. See Turner v. Safley, 482 U.S. 78, 90-91 (1987).
 
 
 5
 Second, Green was provided constitutionally adequate access to the law library at CB-6. See Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Moreover, Green's claim of inadequate legal supplies must fail because he did not allege any specific instances when he was actually denied legal supplies. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 6
 We AFFIRM the district court's judgment.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3