39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven L. KNIGHT, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendants-Appellees.
Stephen J. PARSONS, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Defendant-Appellee.
 Nos. 94-15485, 94-15492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoners Knight and Parsons appeal pro se the district court's summary judgment dismissal of their 42 U.S.C. Sec. 1983 action. They claimed prison officials denied them wages and education/rehabilitation in violation of their due process and equal protection rights. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Standing
 
 3
 We review standing de novo. Crow Tribe of Indians v. Campbell Farming Corp., 31 F.3d 768, 769 (9th Cir.1994). Plaintiffs have standing because they allege an injury--the denial of wages, education and rehabilitation--that would be redressed by a favorable decision. See Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982).
 
 B. Summary Judgment[1]
 
 4
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We may affirm for any reason in the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 1. Due Process
 
 5
 Arizona channels money earned by DWI/DUI inmates into an alcohol abuse treatment program for such inmates. A.R.S. Sec. 31-255. This does not deprive them of wages in violation of the due process clause. They have no constitutional right to be paid for work during incarceration. Hale v. Arizona, 993 F.2d 1387, 1394 (9th Cir.1993). And because A.R.S. Sec. 31-254(A) leaves prisoner compensation to the discretion of the Arizona Department of Corrections ("ADOC"), no liberty or property interest is present. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985) (prison official's discretion must be completely eliminated for inmate to be entitled to claimed right). Furthermore, A.R.S. 31-255 specifically exempts DWI/DUI inmates from Sec. 31-254's application.
 
 
 6
 Arizona's policy also does not deprive prisoners of education/rehabilitation in violation of the due process clause. Inmates have no constitutional right to education or rehabilitation. Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985). And because A.R.S. Sec. 31-251(A) provides that education, training and treatment may be substituted for labor at the discretion of ADOC, no liberty or property interest is created. Baumann, 754 F.2d at 844. The court properly granted summary judgment. See Board of Regents v. Roth, 408 U.S. 564 (1972) (due process claim cognizable only if there is recognized liberty or property interest).
 
 2. Equal Protection
 
 7
 Because DWI/DUI inmates are not a suspect class, and inmates do not have a fundamental right to wages or education/rehabilitation, Arizona's program need only be rationally related to a legitimate state objective. Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989). The deposit of money earned by DWI/DUI inmates into an alcohol abuse treatment fund is rationally related to the legitimate state objective of preventing alcohol abuse. Requiring DWI/DUI inmates to pay for their own treatment maintains the funds necessary for such treatment, and so combats alcohol abuse in Arizona. The court properly dismissed the equal protection claims on summary judgment as well.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. We deny appellant Parsons' motion for appointment of counsel
 
 
 [1]
 The court did not act improperly by granting summary judgment sua sponte as to the denial of education/rehabilitation claim because plaintiffs were given a full and fair opportunity to make their case. See Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985)