45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Manse SULLIVAN; Carney Sherron, Plaintiffs-Appellants,
v.
Steve CAMBRA; Jack R. Reagan; Sharon McLeod; Pat Galvez;
J. Roberts; E. Shepeard; and H.C. Lowe,
Defendants-Appellees.
 No. 94-15580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoners Manse Sullivan and Carney Sherron appeal pro se the district court's sua sponte grant of summary judgment in favor of the appellees in their 42 U.S.C. Sec. 1983 action. Sullivan and Sherron contend that the district court erred by finding sua sponte that prison officials did not violate their First, Eighth, and Fourteenth Amendment rights when prison officials summarily terminated Sullivan and Sherron from their Prison Industries Association ("PIA") jobs for not signing their inmate job assignment forms.[1] We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's order granting summary judgment sua sponte. International Union v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993).[2]
 
 1. Due Process Claim
 
 4
 Sullivan and Sherron contend that their due process rights were violated when they lost their prison jobs because they refused to accept a job condition which required all inmates employed by the PIA to submit to randomized drug testing.
 
 
 5
 The United States Constitution does not recognize a liberty or property interest in prison employment. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985). Nevertheless, a state may create a constitutionally protected liberty or property interest "if it places substantive limitations on the exercise of official discretion," Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993), thereby triggering federally enforceable procedural rights. Dix v. County of Shasta, 963 F.2d 1296, 1299 (9th Cir.1992) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). A published state prison policy, rule, or regulation may also create a protected liberty or property interest when it requires in explicitly mandatory language, such as "shall," "will," or "must," that if substantive predicates are met, a particular outcome must follow. See Baumann, 754 F.2d at 844.
 
 
 6
 Here, Sullivan and Sherron have not alleged or proffered any evidence of a particular state law or prison regulation which creates a constitutionally protected property or liberty interest in their prison employment. See id. Absent such a showing, Sullivan and Sherron's assertion that their constitutional rights were violated when they were required to sign the job assignment forms as a condition to their prison employment is without merit. See Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985); see also Coakley v. Murphy, 884 F.2d 1218, 1220-21 (9th Cir.1989) (no due process claim where prisoner does not allege that state regulation placed substantive restrictions on prison officials' authority to return inmate to penitentiary for failing to sign work release program agreement). Because Sullivan and Sherron have not demonstrated that they have a constitutional right to their prison jobs, they cannot now complain that their due process rights were violated when prison officials summarily removed them from these jobs. See id.
 
 2. First Amendment claim
 
 7
 Sullivan and Sherron next contend that prison officials violated their First Amendment rights to protest an illegal prison regulation when they were removed from their work assignments for writing the words "under duress" on their work forms.
 
 
 8
 A prison regulation does not impinge on an inmate's First Amendment right when that regulation is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 9
 Here, Sullivan and Sherron's First Amendment rights were not implicated when they refused to accept the terms of employment with the PIA. Rather, their failure to sign the job assignment forms served merely to "foreclose any 'acceptance' [they] might have had into the [prison] work [ ] program." Coakley, 884 F.2d at 1220. Even if we assume that Sullivan and Sherron's First Amendment rights were somehow implicated, we are persuaded that the prison's regulation requiring all qualified inmates to sign their work assignment forms before they can work constitutes a legitimate requirement by the state to promote and ensure participant cooperation and safety in the prison environment. See id. (citing Baumann, 754 F.2d at 846). The prison regulation therefore is reasonably related to a legitimate penological interest. See Turner, 482 U.S. at 89. Accordingly, we find that Sullivan and Sherron's First Amendment claim is without merit. See id.
 
 3. State law claim
 
 10
 Sullivan and Sherron contend that the prison's substance abuse clause violates section 432.5 of the California Labor Code and section 11342 of the California Government Code.
 
 
 11
 This Court has held that a " 'violation of state ... law can serve as the basis of a [S]ection 1983 action '[w]here the violation of state law causes the deprivation of rights protected by the [Federal] Constitution.' " Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 n. 22 (9th Cir.1993) (quoting Draper v. Coombs, 792 F.2d 915, 921 (9th Cir.1986)).
 
 
 12
 Here, even if we assume that there has been a violation of state law, we have previously determined that Sullivan and Sherron do not have a constitutional right to their prison jobs. Hence, under these circumstances the alleged state law violations could not have deprived either Sullivan or Sherron of their constitutional rights. Accordingly, we find that these contentions are also without merit.
 
 4. Eight Amendment claim
 
 13
 Sullivan and Sherron also contend that prison officials violated their Eighth Amendment rights to be free from cruel and unusual punishment when they allegedly forced Sullivan and Sherron to sign their job assignment forms before they would reinstate both inmates to their PIA jobs.
 
 
 14
 The Eighth Amendment, applicable to the states through the Fourteenth, establishes limits on the conditions that states may impose on prisoners. Baumann, 754 F.2d at 846 (citing Rhodes v. Chapman, 452 U.S. 337, 344-45 (1981)). Prison conditions must not be " 'grossly disproportionate to the severity of the crime' nor involve as punishment, the 'wanton and unnecessary infliction of pain.' " Id. (quoting Rhodes, 452 U.S. at 347). A general limitation on the availability of jobs and educational opportunities within the prison context is not considered punishment, however. Id.
 
 
 15
 Here, Sullivan and Sherron do not allege that specific or general prison conditions amount to cruel and unusual punishment. They similarly do not allege that the state has compelled them to "perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." Berry v. Bunnell, No. 93-16797, slip op. 13767, 13769 (9th Cir. Nov. 9, 1994) (citations omitted). Rather, Sullivan and Sherron assert that the various limitations which relate to their prison employment constitute cruel and unusual punishment. Because general limitations placed on prison jobs by the state are not considered punishment, Sullivan and Sherron's Eighth Amendment claim must also fail. See Baumann, 754 F.2d at 846. Accordingly, the district court properly dismissed their complaint. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These forms subjected all inmates to randomized drug testing as a condition of employment with the PIA
 
 
 [2]
 Sullivan and Sherron also contend that they were denied due process when the district court granted summary judgment sua sponte in favor of the prison officials. This contention lacks merit. The record indicates that Sullivan and Sherron had a full and fair opportunity to present all their facts, evidence, and legal arguments before the district court ruled against them. See Portsmouth Square v. Shareholders Protective Committee, 770 F.2d 866, 869 (9th Cir.1985). Accordingly, we conclude that the district court properly granted summary judgment sua sponte in favor of the prison officials. See New Kids on the Block v. New America Pub., Inc., 971 F.2d 301, 305 (9th Cir.1992) (appellate court may affirm a district court's decision on any ground finding support in the record)