51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. HUSTON, Plaintiff-Appellant,
v.
Nadim KHOURY, M.D., James Gomez, Director, Department of
Corrections, et al., Defendants-Appellees.
 No. 93-16760.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1995.
Decided March 24, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Assuming the American with Disabilities Act ("ADA") applies to prisons, it does not apply retroactively in this case. The applicable provisions of the ADA, 42 U.S.C. Secs. 12112, 12132 came into effect July 26 and January 26, 1992 respectively. However, Huston's claim is based on the Department of Corrections' ("DOC") actions of August and September 1991, and he filed his claim on September 23, 1991. We, therefore, affirm the district court's grant of summary judgment on the basis that the ADA does not apply to the DOC's actions.
 
 
 3
 B. We also affirm the district court's grant of summary judgment to the DOC on the equal protection claim. Since the DOC's actions did not impinge on a fundamental right or distinguish on the basis of a suspect classification, "all that is constitutionally required of the [DOC's] program is that it be rationally related to a legitimate state objective." Coakley v. Murphy, 884 F.2d 1218, 1222 (9th Cir.1989) (citing Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 314 (1976)).
 
 
 4
 The DOC has a legitimate state interest in the health of prisoners. Indeed, prisons are constitutionally obligated to provide medical care for inmates. Estelle v. Gamble, 97 S.Ct. 285, 290 (1976). Removing prisoners who were thought to have increased health risks from exposure to heat from hot working environments is rationally related to the legitimate state interest in the health and safety of prisoners.
 
 
 5
 The record shows that Huston was assigned to cleaning tables in the kitchen and then to an office. Taken as a whole, the prison policy was rationally related to removing him from conditions where he would be exposed to extreme heat and dangerous machinery. Even if his job in the kitchen exposed him to heat, he was only there for one and one half months. Therefore, the district court did not err when it granted the DOC's motion for summary judgment on the equal protection claim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3