51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald D. CORNISH, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director of Arizona Department of
Corrections, Defendant-Appellee.
 No. 94-15493.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Ronald D. Cornish appeals pro se the district court's summary judgment in favor of Samuel A. Lewis, Director of the Arizona Department of Corrections, in Cornish's action brought under 42 U.S.C. Sec. 1983. Cornish alleges that Lewis deprived him of equal protection and denied him due process by adhering to Ariz.Rev.Stat. Sec. 31-255, which precluded inmates convicted of driving while intoxicated or under the influence ("DWI/DUI inmates") from retaining wages for prison labor, and by denying him educational and vocational opportunities.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[2] and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 1. Due Process
 
 4
 Arizona channels monies earned by inmates convicted of driving while intoxicated or under the influence (DWI/DUI inmates) into an alcohol abuse treatment program for such inmates. Ariz.Rev.Stat. Sec. 31-255. The allocation of these monies does not deprive inmates like Cornish of due process. First, inmates have no constitutional right to be paid for work during incarceration. Hale v. Arizona, 993 F.2d 1387, 1394 (9th Cir.), cert. denied, 114 S.Ct. 386 (1993). Second, because Ariz.Rev.Stat. Sec. 31-254(A) leaves prisoner compensation to the discretion of the Arizona Department of Corrections, Cornish had no statutorily created liberty or property interest in receiving pay for his work in prison. Moreover, Ariz.Rev.Stat. Sec. 31-255 specifically exempts DWI/DUI inmates from section 31-254's application. Therefore, the district court's did not err by granting summary judgment for the defendants on Cornish's due process claim.
 
 2. Equal Protection
 
 5
 Because DWI/DUI inmates are not a suspect class and inmates do not have a fundamental right to wages, an education, or vocational training, Arizona's abuse treatment program need only be rationally related to a legitimate state objective. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989). The deposit of money earned by DWI/DUI inmates into an alcohol abuse treatment fund is rationally related to the legitimate state objective of preventing alcohol abuse. Requiring DWI/DUI inmates to work and pay for their own treatment maintains the funds necessary for such treatment, and so combats alcohol abuse in Arizona. Accordingly, the district court did not err by granting summary judgment for the defendants on Cornish's equal protection claim.[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute which Cornish challenges was amended in April 1994 to require prison officials to deposit sixty-seven percent of wages earned by DWI inmates in the alcohol abuse treatment fund, and the remaining thirty-three percent of the wages in the prisoner's spendable account. Ariz.Rev.Stat. Sec. 31-255 (as amended April 15, 1994). Because Cornish challenges the implementation of section 31-255 prior to its April 1994 amendment, the district court's decision and our review of the district court's decision refers to the language of the statute in effect prior to the April 1994 amendment
 
 
 [2]
 Contrary to Lewis's assertion, Cornish has standing. Lewis recognizes the fact that Cornish is serving a sentence for convictions of felony DWI-DUI offenses. Cornish has standing because he alleges an injury--the denial of wages, and education and rehabilitation services--that would be redressed by a favorable decision. See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)
 
 
 [3]
 The district court did not err by granting summary judgment sua sponte regarding the denial of educational opportunities because Cornish had a full and fair opportunity to present his constitutional claims, and the undisputed facts entitled Lewis to judgment as a matter of law. See Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985). Moreover, Cornish has failed to specify any facts in dispute