60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph Scott HUNTER; Jesse Dale Hernandez, Plaintiffs-Appellants,
v.
James H. GOMEZ, Director of Corrections; Jack R. Reagan,
Inmate Appeals; Theo White, Warden; J. C. Walkley,
Program Administrator; J. P. Walker,
Program Lieutenant,
Defendants-Appellees.
 No. 95-15208.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoners Joseph Scott Hunter and Jesse Dale Hernandez (collectively "Appellants") appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 action as frivolous.[1] The Appellants alleged that because of their assigned work status their access to the prison yard was restricted in violation of their constitutional rights. We review dismissals pursuant to 28 U.S.C. Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). This court will affirm the dismissal only if the complaint "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Appellants contend that California Code of Regulations Sec. 3044(e)(3)(E) creates a constitutionally protected liberty interest in their access to the prison yard. This contention lacks merit. The regulation at issue does not create a liberty interest because it does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Conner v. Sandin, No. 93-1911, 1995 WL 360217, at * 6 (U.S., June 19, 1995).[2]
 
 
 4
 Appellants also contend that their Eighth Amendment rights were violated because they were deprived of their right to exercise. This contention lacks merit. Appellants had yard access for approximately four hours per day five days a week. No deprivation of their right to exercise occurred. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (one hour of outdoor exercise per day five days of week was constitutional).
 
 
 5
 Finally, the Appellants contend that their Fourteenth Amendment equal protection rights were violated. This contention lacks merit. "When a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state objective." See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989). The Appellants are not members of a suspect class and the defendants' policy of restricting yard access is rationally related to the legitimate interest of controlling overcrowding at the prison.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We construe the district court's order as dismissing the Appellants' section 1983 action pursuant to 28 U.S.C. Sec. 1915(d)
 
 
 [2]
 The Supreme Court's decision in Sandin applies retroactively to the instant case because the Court applied the rule announced in Sandin to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S. Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)