103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis CHANCLER, Plaintiff-Appellant,
v.
JACKSON COUNTY; David W. Freyer; Robert M. Bate,
Defendants-Appellees.
 No. 95-36228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Chancler appeals the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants terminated his work-release privileges without a hearing in violation of the Due Process Clause. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991), and we reverse and remand.
 
 
 3
 Chancler contends that the termination of his work-release privileges without a hearing violates his right to due process. Chancler was convicted of driving while under the influence of intoxicants and sentenced to twelve months probation and ninety days in Jackson County Jail. While serving his ninety days in jail, Chancler was granted work-release privileges. These privileges were suspended when Chancler's probation officer suspected Chancler had been drinking in violation of his probation. The parties agree that Chancler was not given a hearing prior to termination of his work-release privileges.
 
 
 4
 "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Coakley v. Murphy, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Due Process Clause itself or it may be created by state law. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Recently, the Supreme Court altered the test for determining whether a prisoner has a state-created liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir.1996). Under the new standard, state-created liberty "interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner ..., imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See id.; accord Keenan, 83 F.3d at 1088-89.
 
 
 5
 This court has held that the Due Process Clause itself does not create a liberty interest in remaining in a work-release program. See Coakley, 884 F.2d at 1221.[1]
 
 
 6
 Here, the defendants' and Chancler's respective motions concerning summary judgment were filed after the Supreme Court's decision in Sandin. In both the defendants' motion for summary judgment and Chancler's response to that motion, the parties analyzed the liberty-interest question under the old "mandatory language" approach to identifying liberty interests. In their reply to Chancler's motion, defendants noted that the test for identifying liberty interests had changed and asserted that removal from the work-release program did not impose an atypical and significant interest, but they failed to "demonstrate the absence of a genuine issue of material fact" on this point.
 
 
 7
 Accordingly, we conclude that defendants failed to meet their burden on summary judgment and that the record is not sufficiently developed for us to make a determination as to whether removal from the work-release program imposed an atypical and significant harship giving rise to a liberty interest. See Keenan, 83 F.3d at 1088-89; Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385).
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on the now-abandoned "mandatory language" approach to identifying state-created liberty interests, this court also concluded that the state had not created a liberty interest in remaining in a work-release program. Id