108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo BOWMAN, Sr., Plaintiff-Appellant,
v.
DEPT. OF CORRECTIONS; McMichael, Officer; Coyote Ridge
Corrections Center Medical Staff; Cynthia Irwin, Counselor;
Phil Stanley; Medical Staffperson Cribbins; James
Thatcher; Coyote Ridge Corrections Center; Mattbone,
Coyote Ridge Corrections Center Medical Assistant; Bailey,
Coyote Ridge Corrections Center Medical Assistant;
Linquish, Coyote Ridge Corrections Center Medical Assistant,
Defendants-Appellees.
 No. 95-35802.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1997.*
Decided Feb. 11, 1997.
 
 Before: WRIGHT, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this action under 42 U.S.C. § 1983, Ricardo Bowman, Sr., a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials at the Coyote Ridge Correctional Center (CRCC). Bowman alleges that CRCC officials committed a number of constitutional violations. However, after examining each of his claims, we find all of them to be meritless. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 1. Standard of Review.
 
 
 4
 We review de novo a district court's grant of summary judgment. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (citing Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990)). Summary judgment is proper if the evidence, viewed in favor of the non-movant, reveals that no genuine issues of material fact exist, and the movant is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); Barnett, 31 F.3d at 815. Plaintiff, as the non-movant, must establish each element of the claim for which he bears the burden of proof at trial with significant probative evidence. Id.
 
 
 5
 2. Deliberate Indifference Claim.
 
 
 6
 Bowman contends that defendants violated the Eighth Amendment in failing adequately to treat his severe dust allergies by providing immunotherapy injections, as recommended by his allergist several years earlier, and in not providing dust covers for his bedding.
 
 
 7
 Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). We examine the seriousness of the medical need and the nature of the response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. at 1060. Neither an inadvertent failure to provide adequate care nor an act of negligence is sufficient to establish deliberate indifference under the Eighth Amendment. Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988).
 
 
 8
 Bowman has not adduced evidence that CRCC deliberately ignored his serious medical needs. During each of his 18 visits to the health care unit, CRCC medical staff approved lay-ins, restricted work, and prescribed drugs to treat his allergies. Defendants, as well as Bowman's own allergist, testified to the uncertainty of any given method of treating allergies. Thus, compared to the treatment Bowman desired, the treatment prescribed by the CRCC medical staff reflected at most a difference of opinion which fails to establish a claim of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (citations omitted).
 
 
 9
 3. Retaliation Claim.
 
 
 10
 Bowman contends that prison officials retaliated against him after he filed his grievances by disciplining and reclassifying him, and denying him medical treatment.
 
 
 11
 Proof of a retaliation claim requires: (1) that CRCC officials retaliated against him for exercising a constitutionally protected right; and (2) their actions did not advance any legitimate penological goal. Barnett, 31 F.3d at 815-16 (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)); see also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).
 
 
 12
 Defendants declare that they disciplined Bowman to further the legitimate penological goal of preserving prison order and discipline. See, e.g., Rizzo, 778 F.2d at 532 (listing examples of legitimate penological goals). After Bowman filed his grievance against CRCC staff, defendant McMichael issued a major infraction against Bowman, following two minor infractions he had issued earlier. McMichael testified that he issued the infractions because of Bowman's tardiness, constant need for supervision, unauthorized departures from his work station, and efforts to avoid work by obtaining medical excuses. Both CRCC medical staff and defendant Irwin also testified that Bowman tried to manipulate them into excusing him from work and avoided programming at CRCC. We defer to the legitimate penological reasons proffered by prison officials for allegedly retaliatory conduct. Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995)).
 
 
 13
 4. Equal Protection Claim.
 
 
 14
 Bowman contends that defendants violated his right to equal protection when they disciplined and reclassified him, denied him medical care, and assigned him work in a way different than other inmates.
 
 
 15
 Absent a violation of fundamental rights or the existence of a suspect classification, prison officials need only show that their policies bear a rational relation to a legitimate objective in order to satisfy the equal protection clause. Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989). A mere showing of inequality does not establish an equal protection violation. McQuery v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.1991).
 
 
 16
 Bowman has not alleged membership in a suspect class, and his prisoner status is not itself a suspect class within the meaning of the Fourteenth Amendment. Coakley, 884 F.2d at 1222; McQuery, 924 F.2d at 834 n. 6. The record also discloses that defendants' actions have trammelled no fundamental rights. Therefore, the rational basis standard applies. Heller v. Doe, 509 U.S. 312, 319-20 (1993).
 
 
 17
 Defendants contend that their actions constituted an effort to preserve institutional order and discipline and to promote the goal that all inmates work in a minimum security work camp, such as CRCC. Defendants' cited reasons represent legitimate penological interests. Disciplinary actions taken to ensure that an inmate works are rationally related to these ends. Bowman's equal protection rights were not violated when officials disciplined and reclassified him, denied him medical lay-ins, and assigned him work in an effort to facilitate his programming.
 
 
 18
 5. Free Exercise of Religion Claim.
 
 
 19
 Bowman argues that Irwin violated his right to the free exercise of religion by refusing to photocopy his flyer, which announced a regularly-scheduled prayer meeting.
 
 
 20
 Religious freedom claims, including those of prisoners, are now governed by the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb-2000bb-4. In order to prove that prison officials violated his right to the free exercise of religion under the RFRA, Bowman must show that officials substantially burdened his religious practice by preventing him from engaging in conduct mandated by his faith. Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (citations omitted). Bowman was not prevented from attending the prayer meeting, but only from printing announcements. Thus, Irwin's refusal to photocopy his flyer did not substantially burden his right to the free exercise of religion under the RFRA.
 
 
 21
 6. Conclusion.
 
 
 22
 We conclude that Bowman failed to raise a genuine issue of material fact in opposition to defendants' motion for summary judgment on any of his claims as to which he had the burden of proof.[1] Therefore, the district court did not err in granting summary judgment in favor of defendants.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that all of Bowman's claims fail, we need not reach the issue of whether defendants are entitled to qualified immunity