122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laurie Evelyn SMITH, Plaintiff-Appellant,
v.
Tana WOOD; Al Scamahorn; Tom Rolfs; Steve Rawlings;
Chase Riveland, Defendants-Appellees.
 No. 96-35487.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-95-00322-JLQ; Justin L. Quackenbush, Senior District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Laurie Evelyn Smith appeals pro se the district court's summary judgment in her 42 U.S.C. § 1983 action alleging that prison officials violated her right to equal protection by terminating extended family visits with her incarcerated husband pursuant to Washington Division of Prisons Directive 590.100. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 A. Equal Protection Claim
 
 3
 Smith contends the district court erred by granting summary judgment on her equal protection claim. We disagree. Where, as here, a plaintiff does not allege a violation of a fundamental right or the existence of a suspect classification, prison officials need only show that their policies bear a rational relation to a legitimate penological interest in order to satisfy the equal protection clause. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989). In this case, the institution has a legitimate penological interest in ensuring the safety of prison inmates, staff and visitors, see Block v. Rutherford, 468 U.S. 576, 586 (1984), and restricting extended family visitation privileges to inmates without documented histories of domestic violence is reasonably related to this interest. See id. at 586-87. Accordingly, the district court did not err by granting summary judgment on Smith's equal protection claim.
 
 B. Interrogatories
 
 4
 Smith contends the district court erred by denying her motion to compel answers to her interrogatories. We disagree. The district court properly reasoned that, even if Smith were able to show that other similarly-situated prisoners have maintained their extended family visitation privileges, a mere showing of inequality does not establish an equal protection violation. See McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Appellant's September 25, 1996 request for reconsideration of this court's September 3, 1996 oral extension by phone of the time to file appellees' answering brief is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We affirm the district court's dismissal of Smith's state law claim because an allegation of a state law infraction is not sufficient to state a section 1983 claim. See Baker v. McCollan, 443 U.S. 137, 146 (1979)