**Pasadero Peter HOLT, Plaintiff— Appellant,**

v.

**C. LIGHTFIELD; et al., Defendants— Appellees.**

**No. 00–16578.**

**D.C. No. CV–99–01361–GEB.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Pasadero Peter Holt appeals pro se the district court's dismissal before service, pursuant to 29 U.S.C. § 1915A(b)(1), of his third amended complaint alleging violations of the Fourteenth Amendment under 28 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the dismissal of a prisoner's complaint pursuant to 28 U.S.C. § 1915A. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000).

Holt contends that his constitutional rights were violated when correctional officers made a false written report of his conduct during a visit and when, as a result of this report, his visitation rights were restricted. Because Holt is not a member of a suspect class, there is no fundamental right at issue, and restrictions on visitation are rationally related to the legitimate objectives of prison officials, Holt's equal protection rights were not violated. See Coakley v. Murphy, 884 F.2d 1218, 1221–22 (9th Cir.1989). Because the Constitution does not guarantee a right of unfettered visitation, the allegedly erroneous report and restrictions on Holt's visitation rights did not violate his federal right to due process of law. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460–61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); Keenan v. Hall, 83

F.3d 1083, 1092 (9th Cir.1996), amended by 135 F.3d 1319 (10th Cir.1998). In addition, there was no state law procedural due process violation because the restriction on Holt's visitation rights was not an atypical and significant hardship. See Sandin v. Conner, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Further, Holt failed to allege that the false report was made, or his visitation rights restricted, for retaliatory reasons. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). Accordingly, the district court did not err when it dismissed his third amended complaint.

Holt's motion to change the name of appellee Levan to Lightfield is granted. The Clerk shall change the docket to reflect appellee Levan's new name.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

