NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH ANTONIO TAYLOR,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>D. MILLIGAN; et al.,<br><br>　　　　　Defendants-Appellees. | No. 16-17041<br><br>D.C. No. 3:14-cv-00647-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted November 15, 2017[**]

Before:　CANBY, TROTT, and GRABER, Circuit Judges.

California state prisoner Ralph Antonio Taylor appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from defendants' confiscation of materials from

Taylor's cell during a gang status revalidation process.  We have jurisdiction under

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Taylor's First Amendment claim because Taylor failed to raise a genuine dispute of material fact as to whether defendants' confiscation of materials was not reasonably related to the prison's interest in security and order. *See Stefanow v. McFadden*, 103 F.3d 1466, 1472 (9th Cir. 1996) (citing *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)) (noting that a prison action is valid if it is reasonably related to a legitimate penological interest and setting forth factors courts consider to determine whether confiscation of an item in an inmate's possession is valid).

We reject as without merit Taylor's contention that the district court improperly deferred to the judgment of defendants' expert, a correctional sergeant assigned to the California Department of Corrections and Rehabilitation's Office of Correctional Safety, Gang Intelligence Operations Unit, in evaluating whether the confiscated materials were related to the Black Guerilla Family. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area.").

The district court properly granted summary judgment on Taylor's equal protection claim because Taylor failed to raise a genuine dispute of material fact as to whether defendants' confiscation of materials constituted intentional

16-17041

discrimination against Taylor based on his membership in a protected class or was otherwise irrational. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989) (stating that when an equal protection claim does not adversely impact a protected class or a fundamental right, "all that is constitutionally required of the [state action] is that it be rationally related to a legitimate state objective").

We reject as unsupported by the record Taylor's contentions concerning judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.