NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT WILLIAM MANNY, | No. 17-35750 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-00005-DLC |
| v. | |
| LEROY KIRKEGARD; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Montana state prisoner Brent William Manny appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising out of his transfer to a prison that did not offer a sex offender rehabilitation program.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

To the extent that Manny's action challenges prior parole suitability decisions or would otherwise necessarily demonstrate the invalidity of the duration of his confinement, the district court properly concluded that the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("[A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and, therefore, the prisoner's continuing confinement.").

To the extent that success on Manny's due process claim would not necessarily imply the invalidity of his sentence, dismissal was proper because Manny failed to allege facts sufficient to show how his transfer caused an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976) (no liberty interest in being housed at a particular institution); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (no constitutional right to rehabilitation).

17-35750

We reject as without merit Manny's double jeopardy arguments.

All pending motions (Docket Entry Nos. 12 and 20) are denied.

**AFFIRMED.**