85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard G. TURAY, Plaintiff-Appellant,
v.
Chase RIVELAND, Superintendent, Bill Dehmer, Director of
Special Programs, Vicky Roberts, Christine
Gregoire, Attorney General and Norm
Maleng, King County District
Attorney, Defendant-Appellee.
 No. 95-36197.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard G. Turay, a civilly committed patient, appeals pro se the district court's section 1915(d) dismissal of his 42 U.S.C. § 1983 civil rights action alleging that the defendants violated his due process and equal protection rights in connection with his marriage.[1] Turay is a patient at the Special Commitment Center ("SCC") at Monroe, Washington, a resident treatment facility for persons civilly committed pursuant to Washington's Sexually Violent Predator's Act, Wash.Rev.Code § 71.09.010 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal pursuant to section 1915(d). See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 4
 Turay's amended complaint alleged that the defendants violated his due process rights by (1) denying him conjugal visits, (2) encouraging his wife to divorce him, and (3) failing to provide couples' counseling. Turay also alleged that the defendants violated his equal protection rights by denying him conjugal visits. Turay sought injunctive relief and damages.
 
 
 5
 We reject Turay's claim that the district court erred by dismissing his claim that the defendants violated his due process rights by denying him conjugal visits. See Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (holding that prisoner has no due process right to particular visitors).
 
 
 6
 We also reject Turay's contention that the district court erred by dismissing his claims that the defendants violated his equal protection rights by denying him conjugal visits. Here, Turay does not allege that he is a member of a suspect class and he has no fundamental right conjugal visits. See Coakley v. Murphy, 884 F.2d 1218, 1221-22. The state's restriction on conjugal visits for SCC patients is rationally related to the legitimate objectives of security and treatment of civilly committed sex offenders. See id.
 
 
 7
 We reject, too, Turay's contention that the district court erred by dismissing his claims that the defendants violated his due process rights by encouraging his wife to divorce him or denying him couples' counseling. See Albright v. Oliver, 114 S.Ct. 807, 811 (1994) (stating that 42 U.S.C. § 1983 not a source of substantive rights but merely vindicates rights conferred elsewhere).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Preliminarily, we address three issues
 Andre Young, Antoinette Young and Julie Turay were parties to the district court proceeding but did not sign the notice of appeal. Because each pro se appellant must sign the notice of appeal, the court has jurisdiction solely over Turay's appeal. See Elias v. Connett, 908 F.2d 521, 522 n. 1 (9th Cir.1990).
 The court denies the motion of Andre B. Young and Antoinette Young to intervene in this appeal.
 The court also denies Turay's "motion to strike portions/references of appellees' brief, 'exhibits' and portions of brief based thereon."